IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $22,310.00 IN U.S. CURRENCY, | ) | |
| | ) | COMPLAINT IN FORFEITURE |
| Defendant. | ) | |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

## JURISDICTION AND INTRODUCTION

1.      This Court has jurisdiction over this *in rem* proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2.      This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3.      Defendant $22,310.00 in U.S. Currency (hereinafter "defendant currency") was seized on August 6, 2018.   Defendant currency is now in the possession of the federal government.

4.      Subsequent to the seizure, Customs and Border Protection (hereinafter "CBP") commenced administrative forfeiture proceedings against the defendant currency.   A claim to

the defendant currency was submitted in the administrative forfeiture proceeding by Michelle Moore (hereinafter "Moore"), necessitating the filing of this judicial forfeiture action.

5.     The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. §§ 841(a) and/or 846.

FORFEITURE COUNT

6.     On August 6, 2018, Moore was a ticketed passenger on Allegiant Airlines Flight No. 1751, departing from Cleveland, Ohio, and destined for Ft. Lauderdale, Florida.

7.     During routine administrative screening of Moore and her carry-on luggage by the Transportation Safety Administration (hereinafter "TSA"), screeners observed that Moore's carryon bag alerted for the presence of an unidentified bulk organic mass.

8.     TSA officers conducted an administrative search of the luggage and discovered blue plastic grocery bag containing rubber-banded bundles of currency of mixed denominations, later determined to be defendant $22,310.00 in U.S. Currency.

9.     A TSA officer alerted Cleveland Police Division (hereinafter "CPD") officers working the checkpoint, who notified Homeland Security Investigations (hereinafter "HSI") of the discovery of the defendant currency.

10.     Moore told CPD officers that the currency was withdrawn from her credit union over time.

11.     Moore was advised by CPD that she was not under arrest and was free to go. CPD further advised Moore that HSI was responding and her luggage would be detained until

2

then.

12.     An HSI agent  arrived, identified himself, and requested Moore to voluntarily accompany agents to the HSI office at the airport to discuss the currency, which she agreed to do.

13.     Moore initially claimed to be a full-time employee of the U. S. Veterans Administration (hereinafter "VA") and provided her supervisor's name.

14.     Upon further questioning, Moore acknowledged that she was on medical leave from the VA for a while and is now resigned from her position.

15.     Moore stated the currency in her luggage was approximately $23,000.00 and that she was carrying approximately $600.00 in her wallet in addition to the defendant currency.

16.     Moore stated that she was travelling with the currency to deposit it in a business account, but did not identify what business she had in Florida.

17.     Moore consented to a search and HSI agent observed a blue plastic bag was located within Moore's luggage, containing several bundles of U.S. Currency, rubber banded and of mixed denominations, later determined to total $22,310.00.   Her wallet contained $787.00.

18.     Moore repeatedly stated that the currency was hers and that she was not transporting it for any other person.   She acknowledged that the currency in her possession had the appearance of drug proceeds, but insisted it had been withdrawn from her credit union and a canine sniff would not find the odor of narcotics on it.

19.     Moore claimed she received a ride to the airport from a person she identified as Greg.   She provided a last name but was unsure of the spelling of his last name.   She provided a phone number, which later turned out to be an invalid number.

3

20.     It was learned during a consensual review of Moore's cell phone that Greg was listed in her phone as "Mr. Wrong."

21.     A text from Mr. Wrong from two days earlier contained only an address on Ivanhoe Road, which HSI knew to be located in a known high intensity drug trafficking area in Cleveland, Ohio.

22.     Moore could not explain the text other than stating that she occasionally receives texts from him that only contain an address with no further explanation.

23.     Moore explained to HSI that a receipt for a Western Union wire transfer of $2,500.00 dated July 30, 2018, was for a money transfer to a friend in Texas who was in need of money and denied that it represented the transfer of drug proceeds.

24.     Moore explained to HSI that a second receipt for a Western Union wire transfer of $2,500.00 dated August 1, 2018, was for a money transfer to another individual and denied that it represented the transfer of drug proceeds.

25.     Moore had two Ohio Direction cards, used for the electronic distribution of income-based food assistance provided by the Ohio Department of Job and Family Services, in her possession; one in her name and one in the name of Jeffrey Moore, who she identified to be her brother.

26.     A certified CPD canine officer and his canine, "Hugo," conducted a controlled test at the airport, during which the canine made a positive alert for the odor of narcotics on the defendant currency.

27.     HSI seized the defendant currency.

28.     By reason of the foregoing, the defendant currency is subject to forfeiture to the

4

United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:

Phillip J. Tripi
Reg. No. 0017767
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Phone: (216) 622-3769
Fax:    (216)522-7499
Phillip.Tripi@usdoj.gov

## VERIFICATION

STATE OF OHIO      )
                        ) SS.
COUNTY OF CUYAHOGA )

I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

Phillip J. Tripi
Assistant U.S. Attorney

Sworn to and subscribed in my presence this _11_ day of December, 2018.

Diane Schneider
Notary Public

DIANE SCHNEIDER
NOTARY PUBLIC
STATE OF OHIO
COMM. EXPIRES
3-9-2022
RECORDED IN
CUYAHOGA COUNTY

6